DAN M. LEE, Presiding Justice,
for the Court:
A jury convicted Keooudone Hiengpho-Thichack (Don) of sexual battery of a female under fourteen years of age, and he was sentenced to twenty (20) years imprisonment in the custody of the Mississippi Department of Corrections. Four separate errors are assigned in this appeal ranging from the trial court’s exclusion from evidence of the victim’s diary to the admission in evidence of the accused’s confession. After careful consideration, we have concluded that the only assignment of error which presents a valid and substantial question is the argument that the conviction resulted, in part, from the jury hearing an inadmissible expert opinion. We reject that contention and hold the opinion admissible within the record established expertise of Dr. Linda Chidester, a board certified family practitioner with special knowledge in the field of child abuse. Affirmed.
I.
Don has been in the United States since 1981. He and his wife were employed at Super Sagless Corporation in Tupelo working different shifts. Don’s stepdaughter testified that Don started molesting her when she was “little.” After taking his wife to work at 6:00 a.m., he would return to the duplex, get his stepdaughter out of her bed, take her to his bedroom, undress her and have sexual intercourse. The sexual exploitation increased in frequency to three times a week and involved actual penetration of the child’s vagina with his penis, as well as oral sex. The child did not tell her mother; however, she told a friend. On May 29, 1988, while at a friend’s house she called the Tupelo police. Social work *364 ers with the Lee County Welfare Department were called. She was taken to the North Mississippi Medical Center where she was examined by the emergency room physician. Later, she was referred to Dr. Linda Chidester. Don confessed to the police and his written statement was introduced in evidence.
The evidence included the testimony of the victim, the expert opinion of Dr. Chides-ter, as well as Don’s confession. Don testified and denied guilt. The jury deliberated less than one hour before returning a guilty verdict.
II.

Did the court err in allowing Dr. Linda Chidester to give her opinion that the prosecutrix had suffered sexual battery?

In Goodson v. State, 566 So.2d 1142 (Miss.1990), we reversed and remanded for a new trial the conviction of rape of a female under fourteen years and sentence of twenty (20) years in the Mississippi Department of Corrections “[bjecause the trial court allowed the jury to hear an inadmissible expert opinion ...” The expert was the same Dr. Linda Chidester, a practicing physician who testified as an expert in this case. The majority found the record deficient to support her expert opinion that the young female victim’s “extremely unusual” behavior during pelvic examination indicated that she had been “sexually traumatized.” Such opinion was labeled inadmissible under Rules 702 and 703, Miss. R.Evid., as trial court abuse of discretion. “[N]o details are provided ... and the record falls far short of establishing that Dr. Chidester had the professional competence to give the opinion.” Id. at 1145.
In a footnote, the writer for the majority stated:
We are not saying that Dr. Chidester may not be shown an expert in the field of child sexual abuse, only that the present record does not show her qualified to give the opinion at issue.
Id. at 1146.
In this case, the record shows that Dr. Chidester was tendered as a medical expert in the field of family practice with special knowledge in the field of child abuse. Defense made no contemporaneous objection to the doctor’s expertise to testify or to her testimony. An oral motion in limine directed at excluding the history given Dr. Chi-dester by the victim and others was overruled before and after her testimony. Significantly, the defense declined to voir dire the doctor on her qualifications.
BY THE COURT: Do you have any questions of voir dire, counsel?
A. No, no objection.
The record details Dr. Chidester’s qualifications as an expert. She is a graduate of the University of Tennessee Medical School, board certified in family practice, licensed to practice in Mississippi and practicing in Mantachie, member of a multiple county disciplinary task force composed of physicians, social workers, psychologists and people from court systems that meet three times a month and review current cases of child abuse. Although Dr. Chides-ter knew of no formal school for child abuse specialty, she had attended numerous seminars and lectures on the subject. Four to five years experience examining children for sexual abuse evolved into what she termed a “subspecialty” in child sexual abuse cases.[1]
Dr. Chidester concluded, without defense objection, that the female victim had been sexually abused based upon these findings from physical examination:
(1) Absence of the hymenal ring;
(2) The enlarged vagina; and
(3) The child’s behavior during the examination.
On cross-examination, Dr. Chidester stated the basis for her opinion that the child had been sexually abused:
It’s based upon the statement that she told me; it’s based upon the examination; it’s based upon what I know to be normal *365 in a child of her age; it’s based upon what I found; it’s based upon her behavior during the exam and what I would expect a normal 11-year-old’s behavior to he during an exam.
The absence of a defense objection pre-termits our considering whether the substance of Dr. Chidester’s opinion may have been inadmissible under Rule 702, Miss. R.Evid. Goodson v. State, 566 So.2d at 1146-47.
Based upon Dr. Chidester’s qualifications and defense’s failure to object to her expertise or her testimony, the trial court correctly allowed Dr. Chidester’s opinion as an expert.
CONVICTION OF SEXUAL BATTERY OF FEMALE CHILD UNDER THE AGE OF FOURTEEN (14) YEARS AND SENTENCE OF TWENTY (20) YEARS IN THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
HAWKINS, P.J., specially concurs by separate written opinion.
SULLIVAN, J., concurs by separate written opinion joined by McRAE, J.

. We commend again to the bench and bar the guidelines for qualifying an expert witness in the area of child sexual abuse developed by Prof. Myers and his colleagues in Myers, et al., Expert Testimony in Child Sexual Abuse Litigation, 68 Neb.L.Rev. 1, 10 (1989).