IN THE COURT OF APPEALS

8/12/97

OF THE

STATE OF MISSISSIPPI

NO. 94-KA-00769 COA

MARSHEL CHASE A/K/A MARSHEL                                          APPELLANT
ERVIN CHASE

v.

STATE OF MISSISSIPPI                                                  APPELLEE

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. BARRY W. FORD

COURT FROM WHICH APPEALED: PRENTISS COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT: TOMMY CADLE

ATTORNEY FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL

BY: SCOTT STUART

DISTRICT ATTORNEY: JOHN R. YOUNG

NATURE OF THE CASE: CRIMINAL (FELONY)

TRIAL COURT DISPOSITION: CT I FONDLING-10 YRS IN MDOC; CT II SEXUAL BATTERY-30 YRS CONCUR WITH CT I IN MDOC; CT III SEXUAL BATTERY-SUSPENDED 30 YRS CONSEC TO COUNT II; CT IV SEXUAL BATTERY-SUSPENDED 30 YRS CONSEC TO CT II & III.

MOTION FOR REHEARING FILED: 8/26/97

CERTIORARI FILED: 10/21/97

MANDATE ISSUED: 1/5/98

BEFORE McMILLIN, P.J., HERRING, AND KING, JJ.

McMILLIN, P.J., FOR THE COURT:

Marshel Chase stands convicted by a Prentiss County Circuit Court jury of three counts of sexual battery and one count of fondling of a child under the age of fourteen. Chase has appealed his conviction to this Court, raising as error the trial court's evidentiary rulings in regard to hearsay and opinion evidence offered by a Department of Human Services social worker and the physician who examined the alleged victim. Finding that certain opinion testimony admitted by the trial court resulted in a violation of Chase's right to a fundamentally fair trial, we reverse his conviction.

I.

Hearsay Statements Admitted Under 803(25)

Chase first argues that both Kathy Triplett, the social worker, and Dr. William L. Marcy, the treating physician, were improperly allowed to testify as to hearsay statements made by the victim without adequate on-the-record findings by the trial court that the statements demonstrated the requisite indicia of reliability required under Mississippi Rule of Evidence 803(25). Chase claims that the trial court's failure to examine each of the twelve factors mentioned in *Idaho v. Wright,* 497 U.S. 805 (1990), and carried forward to the official comment to Rule 803(25), is fatal.

Chase filed a motion in limine to prevent Triplett and Marcy from testifying about statements made to them by the alleged victim. Following a proffer of testimony from both proposed witnesses, the trial court stated its findings on the record to support its decision to allow the testimony under Rule 803(25), which permits, in certain situations, introduction of hearsay statements by children

concerning acts of sexual abuse committed on them. In regard to the testimony of Triplett, the court noted that the statement "provided substantial indicia of trustworthiness," basing his findings on such facts as the child's intelligence for his age and his ability to narrate the story to the interviewer, as well as the setting and timing of the interview. In regard to the trustworthiness of the child's statement to the doctor, the court found the statements admissible because they were made to an unbiased doctor not involved in the proceedings and in a neutral setting; the information given to the doctor was volunteered; the story remained consistent; and the statements were made without the influence of the parents in the examining room.

Mississippi Rule of Evidence 803(25) provides that a "statement made by a child of tender years describing any act of sexual contact performed with or on the child by another is admissible in evidence . . . ." M.R.E. 803(25). Under the rule, the court is required to hold a hearing to determine whether the "time, content, and circumstances of the statement provide substantial indicia of reliability . . . ." M.R.E. 803(25)(a). If the child testifies at the trial and the necessary finding of reliability of the out-of-court statements is supported in the record, the trial court may not be put in error for allowing hearsay testimony of the contents of those statements. *See* M.R.E. 803(25)(b)(1); *Eakes v. State*, 665 So. 2d 852 , 864-66 (Miss. 1995).

In *Idaho v. Wright,* the Supreme Court enumerated certain factors to consider in assessing the trustworthiness of a child victim's out-of-court statements. *Idaho v. Wright,* 497 U.S. at 821-22. The Court, however, noted that "[t]hese factors are, of course, not exclusive, and courts have considerable leeway in their consideration of appropriate factors." *Wright,* 497 U.S. at 821*, quoted in Griffith v. State,* 584 So. 2d 383, 388 (Miss. 1991). There is no "mechanical test for determining 'particularized guarantees of trustworthiness.'" *Wright,* 497 U.S. at 822*.* Instead, the Court said that "the unifying principle is that these factors relate to whether the child declarant was particularly likely to be telling the truth when the statement was made." *Id.*

Though it would be helpful on appellate review, there is no absolute requirement that the trial court list and discuss all of the *Wright* factors. *See, e.g., Eakes v. State*, 665 So. 2d at 866 (upholding the admission of statements when trial judge conducted hearing but made no mention of Wright factors in determination of inherent reliability).

In this case, the trial judge conducted the necessary hearing, received substantial evidence, and only then made a finding that the statements bore the requisite "substantial indicia of trustworthiness." When the trial court applies the correct legal standard, this Court will reverse "only when there has been an abuse of discretion." *Eakes,* 665 So. 2d at 865. Based on our review of the record, we find that the trial court's decision appears to have been guided by the general considerations that properly bore on the question. We, therefore, cannot conclude that his decision to admit the statements constituted reversible error.

II.

Testimony of the Social Worker, Kathy Triplett

Chase also argues that the trial court erred in allowing the social worker, Kathy Triplett, to offer her opinion as to the truthfulness of the child victim's out-of-court statements made to her. We agree, as an abstract principle of law, that this is error. There is no established body of evidence indicating that any person, by virtue of training or experience, has any enhanced ability to discern the truth or falsity of statements made in her presence. To permit such a witness to offer her assessment of the veracity of a declarant has no foundation in any demonstrated "scientific, technical, or other specialized knowledge" possessed by that witness. *See* M.R.E. 702. The opinion, thus, cannot meet the requirement for admissibility under Rule 702. *See Goodson v. State,* 566 So. 2d 1142, 1153 (Miss. 1990) (holding that allowing expert opinion testimony that victim of abuse is telling the truth would be of "dubious competency"); *see also Williams v. State,* 539 So. 2d 1049, 1051 (Miss. 1989).

However, in this case, the record simply does not support the assertion made by Chase. During Triplett's testimony on direct, she did testify as to certain objective observable phenomena that she claimed were indicative that the victim was telling the truth. Among these indicators was the observed vocabulary level of the child in relating the events; that is, whether he employed words inappropriate for his age that might indicate coaching or preparation. Triplett also noted that other indicators that the child's story was not coached or rehearsed included whether the child's answers to questions appeared spontaneous and whether he could pick up the story at any point or had to tell it from start to finish without interruption. She also testified that consistency is considered an indicator of truthfulness. This evidence, objective in nature, would appear helpful to the jury in making its own assessment of what weight to assign the child's out-of-court statements. It is not the equivalent of the prohibited practice of permitting a witness to offer her subjective assessment of the veracity of any statements made to her.

It was only during cross-examination by Chase's own counsel that Triplett was asked point-blank whether she thought the child's statements were truthful. We will not reverse a conviction because of the defendant's own inquiry into matters that, upon proper objection, might have been inadmissible. It is fundamental that before a trial court may be put in error on appeal, the complaining party must have given the trial court proper opportunity to address and rectify any perceived error. *See, e.g., Warren v. State,* 456 So. 2d 735, 738 (Miss. 1984). That cannot be done when defense counsel's interrogation elicits the supposedly inadmissible evidence.

III.

The Testimony of Dr. William L. Marcy

Chase contends that the trial court erred in qualifying Marcy as an expert in the field of child sex abuse. Marcy practiced family medicine, but testified that he had extensive experience in regard to sexually-abused children. He claimed, in addition to his practical experience, to have had specialized training in the field consisting of courses, seminars and annual workshops covering topics such as child sexual abuse and effective interviewing techniques. The trial court is vested with substantial discretion in regard to accepting the credentials of expert witnesses to give opinion testimony. *See Davis v. State,* 660 So. 2d 1228, 1260 (Miss. 1995). On appeal, we may reverse only upon a finding

that the court was manifestly in error in admitting the testimony. *Id.* We conclude, based upon Marcy's training and experience, that the trial court did not err in accepting this witness as an expert in the field of child sex abuse.

Nevertheless, reaching this conclusion does not answer completely the issues raised in this appeal concerning Marcy's testimony. Reversible error may occur when a properly qualified expert is permitted to offer opinion evidence that ranges beyond the level of the witness's demonstrated expertise. In this case, Marcy was allowed to testify, over objection, that he had concluded to his satisfaction that the child in question was, in fact, a victim of sexual abuse. Because of the troubling nature of this particular portion of Marcy's testimony, we quote verbatim the exchange:

Question: Based on the history that you took and based upon your physical examination of this child and based on your experience and training in the large number of suspected child abuse cases that you have examined, do you have an opinion as to whether or not this child has suffered from sexual abuse?

[Defense counsel interposed an objection that "the proper predicate [had] not been laid." The trial court overruled the objection, and the witness answered.]

Answer: Based strictly on the physical I would say almost definitely there has been digital penetration of the anus at least. And just overall the physical evidence, the reports that he's given and the judgment of his credibility and consistency, I would say he has almost certainly had anal penetration with the finger or penis more than once and also just again based more on -- you know, based on the history that he had oral sex on Marshel and Marshel had performed oral sex on him.

In 1993, the Mississippi Supreme Court ruled that a qualified expert may testify to the fact that there are certain symptoms that are common to sexually abused children. *Hall v. State,* 611 So. 2d 915, 921 (Miss. 1992). The expert, if he has had the opportunity to investigate, may also offer an opinion as to whether the particular alleged victim exhibits those symptoms to some significant degree. *Id.* at 918. In the *Hall* case, the supreme court appeared to alter its position from one taken only a few years earlier in *Goodson v. State,* 566 So. 2d 1142 (Miss. 1990). In the *Goodson* case, the court held that the doctor had not been properly qualified as an expert, but went on to say, "[a]ssuming arguendo that [the witness] may be qualified as an expert in the field of child sexual abuse, there remains the serious question whether the particular opinion at issue -- that Sonya 'had been sexually traumatized' -- was admissible." *Goodson*, 566 So. 2d at 1146. The *Goodson* court expressed some measure of doubt that there was an accepted body of knowledge establishing that there was such a thing as a profile of characteristics or behavior common to sexually abused children. *Id.* In attempting to distinguish the *Goodson* decision, the *Hall* Court commented on the difference between the existence of a "profile" for a sexually-abused child and a diagnosis of child sexual abuse syndrome, which would appear to be a medical or psychological diagnosis. *Hall,* 611 So. 2d at 918-19. We accept, as we properly must, this distinction drawn by the court and proceed with our analysis accordingly.

Evidence that a child may display some or all of the attributes and characteristics commonly noted to

exist in sexually abused children is not the equivalent of permitting an expert to offer an opinion as to whether the child has been subjected to one or more incidents of sexual abuse. This second opinion moves one step closer to the ultimate issue to be resolved in the case and presents an issue for which the answer is less than clear. In *Hiengpho-Thichack v. State,* decided seven months prior to the *Hall* decision, the supreme court refused to reverse a conviction where the examining physician was permitted to testify that, in her opinion, "the female victim had been sexually abused." *Hiengpho-Thichack v. State,* 603 So. 2d 363, 364 (Miss. 1992). However, in that case, the majority was careful to note that the defense interposed no objection to the inquiry that drew that response. *Id.* at 365. The court offered a mixed rationale for not reversing; namely, the doctor's "qualifications and *defense's failure to object to her expertise or her testimony . . . .*" *Id.* (emphasis supplied) The court's insistence on including the lack of an objection as coloring its decision leaves lingering the question of whether the trial court had gone too far in permitting this witness to offer her opinion on this central fact; one which, arguably, she was no better qualified to decide than the jury. Such an opinion, being merely one person's judgment on the question, would be inadmissible since it could not "assist the trier of fact . . . to determine a fact in issue . . . ." M.R.E. 702.

Thus, the law seems to be that an expert may describe symptoms generally recognized in his field of specialty as being common to abused children. He may further testify as to facts, based upon his own experience with the particular victim, that would indicate to what extent the victim exhibits those characteristics. On the other hand, it is not so clear that the expert may then take the next logical step and offer an opinion as to whether the child has, in fact, been sexually abused. This may be a fine distinction, but it appears to be one that may have to be drawn.

The problem appears compounded in this case, since there is little doubt that this doctor's opinion that the child had been sexually abused was based almost exclusively on the doctor's subjective assessment of the truthful nature of the child's statements. When we discussed the testimony of the social worker, we reviewed at some length the error of permitting a witness to assess the credibility of a declarant who has made out-of-court statements in the witness's presence. Those considerations apply with equal force to a medical doctor -- even one qualified as having some special expertise in the field of child sexual abuse. Nothing in this doctor's credentials qualified him to offer an opinion as to his subjective evaluation of this child's veracity, yet the nature of his response we have quoted demonstrates that he did exactly that.

Because of the length to which the State went to establish this witness's professional credentials, we cannot escape the notion that the jury could, and probably did, give substantial weight to Marcy's testimony, including this inadmissible, and very damaging, opinion. Because the statements by the alleged victim so strongly indicated Chase's guilt, we cannot dismiss the error as harmless. It appears to our satisfaction that Chase's right to a fundamentally fair trial has been violated, and that this conviction must be reversed. *See* M.R.E. 103(a); *Goodson*, 556 So. 2d at 1148.

**THE JUDGMENT OF THE PRENTISS COUNTY CIRCUIT COURT IS REVERSED, AND THIS CAUSE IS REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS OF THIS APPEAL ARE ASSESSED TO PRENTISS COUNTY.**

**BRIDGES, C.J., THOMAS, P.J., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, AND**

**SOUTHWICK, JJ., CONCUR. PAYNE, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION.**

IN THE COURT OF APPEALS

8/12/97

OF THE

STATE OF MISSISSIPPI

NO. 94-KA-00769 COA

MARSHEL CHASE A/K/A MARSHEL

ERVIN CHASE APPELLANT

v.

STATE OF MISSISSIPPI APPELLEE

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

PAYNE, J., CONCURRING IN PART, DISSENTING IN PART:

I agree with the majority opinion as to all issues except its discussion of Dr. Marcy's expert opinion testimony and its conclusion that reversal is required. Not only is Chase procedurally barred from raising this issue on appeal, the majority incorrectly applies the law in regard to expert opinion testimony.

On appeal, Chase raises an error different than that raised at the trial level. At trial, Chase objected arguing that "the proper predicate [had] not been laid." On appeal, Chase argues that the doctor's testimony was improper expert opinion evidence. Chase is procedurally barred from arguing a different ground on appeal than he argued at trial. *See Lester v. State*, 692 So. 2d 755, 772 (Miss. 1997) ("Lester is barred from raising this issue on appeal because objection on one ground at trial waives all other grounds for objection on appeal."); *Ballenger v. State*, 667 So. 2d 1242, 1256 (Miss. 1995) ("The assertion on appeal of grounds for an objection which is not the assertion at trial is not an issue properly preserved for appeal.") (citation omitted); *Conner v. State*, 632 So. 2d 1239, 1255 (Miss. 1993) ("An objection on one or more specific grounds constitutes a waiver of all other grounds."); *Willie v. State*, 585 So. 2d 660, 671 (Miss. 1991) ("Generally, a defendant is procedurally barred from raising an objection on appeal that is different than that raised at trial.").

Procedural bar aside, the case law does not require reversal in the present case. The majority appears to reverse on the issue of Dr. Marcy's testimony for two reasons: first, the doctor's opinion exceeded the permissible bounds of opinion testimony in that he was allowed to give his opinion as to whether the child was a victim of sexual abuse; and second, the doctor included in his opinion that part of the basis for his opinion was his assessment of the truthfulness of the child. In other words, the doctor believed the child was a victim of sexual abuse, and he believed the child was telling the truth about being a victim of sexual abuse. I believe the case law supports affirmance on both of the doctor's conclusions.

Setting aside the truthfulness argument, I believe the majority misinterprets the case law in regard to proper opinion testimony in child abuse cases. The majority spends some time discussing the cases of *Goodson*, *Heingpho-Thichack* and *Hall*.[1] However, what the majority fails to recognize in the evolution of the law in this area is the significant effect of the addition of Mississippi Rule of Evidence 803(25),[2]

commonly known as the tender years exception. Rule 803(25) was added to the rules in 1991, which was after *Goodson*. The court in *Hall* recognized the effect that 803(25) as well as an amended 803(4) would have on that case because Hall's retrial would occur under the new rules.

*Hall* is the controlling case in regard to the admission of expert opnion testimony in child sexual abuse cases. *See Hall v. State*, 611 So. 2d 915 (Miss. 1992). The *Hall* court, in recognizing its prior decisions in *Hosford* and *Goodson*, further clarified the admissibility of expert opinion testimony in child sexual abuse cases. *Hall*, 611 So. 2d at 917-19. The court clearly determined that expert testimony that is offered as substantive evidence of abuse which includes common characteristics or behavior of sexually abused children is proper. *Hall*, 611 So. 2d at 919. The court distinguished "syndrome" testimony from behavior testimony: "When expert testimony describing behaviors seen in sexually abused children is offered as substantive evidence of abuse, the expert is not describing a syndrome." *Id.* (quoting with approval John Myers, et al., Expert Testimony in Child Sexual Abuse Litigation, 68 Neb.L.R. 1, 66-71 (1989)). The court's illustration of the challenged expert opinion testimony in *Hall* included the following question and answer:

Q. Can you tell us, in the course of your experience, whether or not the behavior that you observed throughout your treatment of [the child victim] would be consistent with a child who was subjected to chronic sodomy?

A. It is.

*Id.* at 918. This question sought to equate Hall's alleged victim with other children who have been the victims of sexual abuse. The court held: "The decision to hold admissible the expert testimony describing [the child/victim's] behavior as common with that of a sexually abused child is within the trial judge's discretion absent an abuse of discretion." *Id.* at 919 (citations omitted).

In the present case, the testimony in question was the doctor's discussing the physical evidence of sexual abuse as well as the child's claims of having been sexually abused. I cannot agree with the majority that reversible error occurred in allowing the doctor to testify that it was his opinion the child was abused. Review of the doctor's response to the question for his opinion as to whether the child was the victim of sexual abuse, reveals that Dr. Marcy responded by discussing the physical characteristics of sexual abuse this child exhibited along with the statements made by this child regarding the alleged abuse. Clearly, *Hall* allows for expert opinion testimony regarding characteristics/behavior of sexual abuse to be admitted, and the statements of the child are admissible under 803(25). I find no improper opinion testimony.

Thus, the only remaining objectionable portion of Dr. Marcy's response then was his reference to the child's "credibility and consistency." As to the majority's conclusion that it was improper for the doctor to testify as to his opinion that the child was telling the truth, I agree, but I believe that the error was harmless. The Mississippi Supreme Court found harmless error in a similar expert opinion in *Jones v. State*, 606 So. 2d 1051, 1057-58 (Miss. 1992). In *Jones*, the following excerpt was at issue:

Q. Have you formed an opinion over the years concerning whether children that come in with this kind of problem tell the truth about what happened to them?

BY MR. BROWN: Your Honor, I object to that.

BY THE COURT: I'll let her answer that yes or no.

A. Children do not fantasize about experiences that they have not encountered.

BY MR. BROWN: I object to the answer as being--

BY THE COURT: Sustained.

BY MR. BROWN: --opposed to the Court's ruling.

BY THE COURT: Sustained.

BY MR. MITCHELL: I think the Court ruled that you could answer the question in a yes or no answer.

A. Would you repeat the question?

Q. From your experience of examining children like [M.J.] who have evidence that they have been sexually abused, is your experience that they tell the truth?

A. Yes.

Q. Did you form an opinion in this particular case as to whether [M.J.] had been sexually abused?

A. Physical findings support the history of vaginal manipulation.

*Jones*, 606 So. 2d at 1057. The court held: "To the extent that Dr. Hampton's testimony may have been an opinion of [the child victim's] truthfulness, allowing it was error." *Id.* at 1058. Unlike, the present case, the *Jones* case went further than an opinion as to that specific child's truthfulness. In *Jones*, the doctor was also allowed to testify that children in general who have evidence that they were sexually abused generally tell the truth. The court found both opinions (about the specific child victim and also about child victims in general) to be harmless error as the testimony was not "particularly potent" and it did not affect a substantial right of the defendant. *Id.*

My point may best be illustrated by examining the doctor's response without the reference to the child's veracity:

A. Based strictly on the physical evidence I would say almost definitely there has been digital penetration of the anus at least. And just overall the physical evidence, the report that he's given . . . I would say he has almost certainly had anal penetration with the finger or penis more than once and also based more on--you know, based upon the history that he had oral sex on Marshel and Marshel had performed oral sex on him.

The majority suggests that the jury gave great deference to Dr. Marcy's opinion because of his qualifications. I find it difficult to imagine that the jury found the few words as to the child's truthfulness of such great import so as to render their verdict tainted or that we are required to reverse Chase's conviction. Clearly, the content of the doctor's testimony as a whole and his presence at trial on behalf of the State could easily be indicative to a jury that he believed the child had been abused and that the child was telling the truth.

One thing that cannot be forgotten in evaluating the force of this testimony is that the doctor had already testified regarding the physical evidence as well as what the child had told him regarding the sexual abuse. This particular portion of the doctor's testimony was cumulative at worst. I do not believe the jury was any more informed once the doctor indicated that he based his opinion in part upon "the judgment of [the child's] credibility and consistency." The majority maintains that the jury "could, and probably did, give substantial weight to Marcy's testimony . . ."; however, the jury could just as easily have dismissed the doctor's testimony concerning his belief of the child's claims, for it is within the jury's province to weigh the evidence and make such determinations for itself.

While I would not encourage the State to elicit improper opinion testimony, I cannot agree that the specific question and response at issue in this case require reversal. I would affirm.

1. *See Goodson v. State*, 566 So. 2d 1142 (Miss. 1990); *Heingpho-Thichack v. State*, 603 So. 2d 363 (Miss. 1992); *Hall v. State*, 611 So. 2d 915 (Miss. 1992).

2. Rule 803(25) of the Mississippi Rules of Evidence provides:

A statement made by a child of tender years describing any act of sexual contact performed with or on the child by another is admissible in evidence if: (a) the court finds, in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide substantial indicia of reliability; and (b) the child either (1)testifies at the proceedings; or (2) is unavailable as a witness . . . .