757 So.2d 1074 (2000)
Cavaleer BENNETT, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1998-KA-01503-COA.
Court of Appeals of Mississippi.
April 11, 2000.
*1075 Leslie C. Gates, Meridian, Treasure R. Tyson, Attorneys for Appellant.
Office of the Attorney General by Scott Stuart, Attorney for Appellee.
BEFORE McMILLIN, C.J., BRIDGES, AND PAYNE, JJ.
McMILLIN, C.J., for the Court:
¶ 1. This case is an appeal by Cavaleer Bennett of his conviction of the crime of sale of cocaine in the Circuit Court of Lauderdale County. Bennett raises three issues in this appeal (1) the court's refusal to admit certain photos of Bennett into evidence that were taken sixteen months after the crime; (2) the trial court's decision to exclude testimony from Bennett's mother that the man in the State's videotape of the alleged drug transaction was not the appellant; and (3) a claim that the combined effect of several trial court errors was to deny Bennett's due process right to a fundamentally fair trial. Finding error in the exclusion of Bennett's mother's testimony, we reverse and remand.

I.

Facts
¶ 2. A drug task force in Lauderdale County, operating undercover, was able to make a drug buy of crack cocaine from an individual on the street. The task force members were in a van equipped with videotape equipment and obtained a video recording of the transaction which included a view of the defendant's face, though he wore a jacket with a hood. The person selling the drugs was unknown to the task force members in the van. However, later investigation led officers to believe that the person shown on the tape was the appellant, Cavaleer Bennett. Bennett was arrested, tried and convicted of sale of cocaine.

II.

The Exclusion of Testimony by the Defendant's Mother
¶ 3. Bennett proffered the testimony of his mother, Eula Bennett, to the effect that she had viewed the videotape of the drug transaction and was of the opinion that the person shown making the drug sale was not her son, Cavaleer Bennett. The trial court excluded that testimony on the objection of the State. The trial court relied on the case of Wells v. State, 604 So.2d 271 (Miss.1992) to exclude Mrs. Bennett's *1076 testimony. In the Wells case, the Mississippi Supreme Court found error in permitting a toy store owner to watch a videotape of an employee suspected of embezzlement and give a running narrative of what the employee was doing and how the procedures followed by the employee deviated from normal practices of a retail sales clerk. Id. at 278-80. The court found the owner's testimony objectionable on several grounds, including (a) instances where he interjected his unsubstantiated opinion as to what was transpiring outside the view of the camera, (b) a conclusion that much of his testimony was unhelpful as being nothing more than his interpretation of events that were clearly depicted on the tape which he was in no better position to evaluate than were the jury members, and (c) the failure of the State to qualify the owner as a Rule 702 expert as to those instances where he offered an opinion as to the impropriety of certain activities by the clerk that were captured on the videotape. Id. at 278-79.
¶ 4. We find the Wells case unhelpful in this instance. Mrs. Bennett did not purport to offer evidence as to what was transpiring on the videotape nor did she profess any expert knowledge as to the common course of a drug transaction that would permit her to offer an opinion as to whether the jury was actually witnessing a drug transaction. Rather, her evidence was intended solely for the purpose of informing the jury that, based on her own knowledge of the physical characteristics of her son, the appellant, she was convinced that the person depicted in the videotape was not Cavaleer Bennett.
¶ 5. Such evidence, if admissible, would be lay opinion testimony that would have to pass muster under Mississippi Rule of Evidence 701. Rule 701 permits the introduction of non-expert opinion evidence if "(a) [the opinion is] rationally based on the perception of the witness and (b) [is] helpful to the clear understanding of ... the determination of a fact in issue." M.R.E. 701.
¶ 6. There is no Mississippi decision regarding the admissibility of Rule 701 opinion evidence concerning the identity of a person appearing in a photograph or videotape. However, in other jurisdictions considering the issue, a majority view has developed that, at least under certain circumstances, such opinion evidence may be admitted to aid the jury. See, e.g., U.S. v. Pierce, 136 F.3d 770, 773-74 (11th Cir. 1998); Robinson v. People, 927 P.2d 381, 384 (Colo.1996); State v. Miller, 741 A.2d 448 (¶¶ 9-10) (Me.1999). Admittedly, these cases all deal with various circumstances under which a witness is permitted to offer an opinion positively identifying a person while in this case we have the opposite situation in which the witness seeks to exclude the defendant. However, so long as the relevant question before the jury is the identity of a person whose likeness is displayed in a photograph or videotape, it would not appear that any logical distinction between these two forms of identification evidence can be made.
¶ 7. Some jurisdictions require, as a prerequisite to permitting opinion evidence of this nature, an indication that the person's appearance has substantially altered or that the person was attempting to disguise his appearance when his image was recorded. U.S. v. Barrett, 703 F.2d 1076, 1086 (9th Cir.1983); U.S. v. Borrelli, 621 F.2d 1092, 1095 (10th Cir.1980). However, in a well-reasoned opinion, the United States Court of Appeals for the First Circuit concluded that such evidence ought to be admitted in any circumstance where it can be demonstrated that the witness has a greater familiarity with the defendant's appearance than the jury could possess and the recorded likeness is not either (a) so unmistakably clear, or (b) so hopelessly obscured, that the witness is no better suited than the jury to draw a meaningful conclusion as to the identity of the person depicted. U.S. v. Jackman, 48 F.3d 1, 4-5 (1st Cir.1995).
¶ 8. This Court has viewed other still photographs of the defendant (photographs *1077 that were offered into evidence but excluded by the trial courta separate issue to be discussed in the next section) that were represented as being a fairly accurate depiction of the defendant. We have also viewed the videotape of the drug transaction. Based upon this Court's attempt to compare the likenesses portrayed in the photographs and the videotape, we are convinced that there was a legitimate issue of identification of the appellant as the person carrying out the videotaped drug transaction. That is the very circumstance in which opinion evidence may properly be received from witnesses who, by their previous acquaintance with the appellant, have some greater ability to identify him in a photograph or videotape than would a typical juror having no previous involvement with the appellant. It simply is beyond logical dispute that a person having an intimate familiarity through long acquaintance with an individual can positively recognize that person with much less visual data available than can a person lacking that same familiarity. By the same token, a person intimately acquainted with another can more quickly dismiss a person seeming to have substantially similar physical characteristics as not being the person in question than can another individual lacking that history of personal contact. When there is a genuine issue of fact as to who is actually portrayed in a photograph or videotape, it is that sort of lay opinion evidence that can prove "helpful" to the jury within the meaning of Mississippi Rule of Evidence 701.
¶ 9. It is tempting to be dismissive of Eula Bennett's testimony because of perceptions of bias on her part in favor of her son. Such a close familial connection is, without doubt, a matter of concern in our rules of evidence. The rules recognize the problems associated with such evidence by permitting impeachment through a showing of bias on the part of the witness. M.R.E. 616. Nevertheless, questions of bias, even if evident on their face, go to the issue of the weight the jury ought to give the evidence and do not affect its admissibility. This Court is unable to assess the credibility with which the appellant's mother might testify that she could categorically exclude her son as being the person depicted in the videotape. That a jury, listening to and observing her testimony first hand, would find her so believable that it raised a reasonable doubt as to the identity of the person caught selling cocaine on the videotape is not a proposition so far-fetched that this Court can exclude it as a reasonable possibility.
¶ 10. Because the core of Bennett's defense was the issue of mistaken identity, we conclude that the trial court erred when it excluded the proposed testimony of Bennett's mother that she had viewed the videotape and, based upon her intimate familiarity with her son, was of the opinion that the person carrying out the drug transaction was not Cavaleer Bennett. We further find that the error cannot be overlooked as harmless based upon our own review of the evidence that convinces us that there is a legitimate disputed issue of fact as to whether the person caught on camera is, in fact, the appellant. For that reason, we are convinced that this conviction must be reversed and the matter remanded for a new trial in which, should he so desire, Bennett would be permitted to offer lay opinion testimony under Mississippi Rule of Evidence 701 as to the identity of the person in the videotape, so long as the proper predicate for such evidence was laid for such lay opinion evidence under the considerations discussed in this opinion.

III.

The Admission of photographs of the Defendant
¶ 11. Bennett argues that the trial judge erred in excluding from evidence two Polaroid photographs of him taken approximately sixteen months after the crime occurred and some three and a half *1078 months prior to trial. The photographs were tendered to the prosecution as potential exhibits during discovery, which prompted the State to file a motion in limine to exclude the photographs as evidence. The State contended that the photographs were too remote in time from the crime itself to help to the jury determine whether or not Bennett was the individual carrying out the videotaped drug transaction. The trial court excluded the photographs without offering a reason for doing so. Now, on appeal, Bennett claims that this was error because the photographs, in the context of this case, were valuable evidence in support of his proposition that he was not the person on the videotape.
¶ 12. The admissibility of evidence depends, at the first instance, on its relevancy to a disputed matter of consequence at trial. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." M.R.E. 401. Once evidence is determined to be relevant, it is "admissible, except as otherwise provided ... by these rules [of evidence]." M.R.E. 402.
¶ 13. The only real "fact of consequence" in this case was whether Bennett was the individual appearing in the videotaped drug transaction. This Court concludes that, absent some showing that the Polaroid photographs distorted Bennett's likeness or that he had undergone a substantial alteration in his appearance in the sixteen months between the time of the crime and the time the photographs were taken, evidence which permits the jury to compare a known photographic likeness of the defendant against a videotaped likeness that may, or may not, be the defendant is a useful tool in the jury's deliberation. Depending upon the jury's evaluation of the photographs, they would, in our view, definitely tend to make the State's assertion that Bennett appeared in the videotape "more probable or less probable," and thus would be relevant information under Mississippi Rule of Evidence 401.
¶ 14. The State's unsubstantiated claim of remoteness cannot, in our view, withstand scrutiny. There was no indication that Bennett's physical characteristics had undergone any dramatic transformation in that period, which information might have permitted the exclusion of this otherwise relevant information under Rule 403 as having a tendency to confuse the issue. See M.R.E. 403. In fact, the State seems to concede the invalidity of its "remoteness" argument by contending that the jury's opportunity to observe Bennett first-hand at trialan event even more remote than the occasion of the photographs provided ample information for the jury to decide the question of whether Bennett appeared in the videotape.
¶ 15. Our review of the two photographs reveals them to be rather straightforward chest-up photographs clearly depicting Bennett's facial characteristics at close range in a well-lighted setting. We cannot see how these photographs would have any tendency to confuse the jury as it deliberated the central issue of the case. We concede that the admission of evidence is one vested in the sound discretion of the trial court. Lanier v. State, 533 So.2d 473, 483 (Miss.1988). However, balanced against that notion is the proposition that, in a criminal trial, the defendant cannot be denied the opportunity to present all available relevant evidence tending to exonerate him. Cf., Brown v. State, 464 So.2d 516, 520 (Miss.1985) (finding that a defendant asserting a defense of self-defense is entitled to present all relevant evidence of his state of mind at time of alleged incident). We, therefore, find that the exclusion of these photographs was error in that it denied the defendant an opportunity to present relevant evidence useful to the jury in determining whether or not Bennett was the person caught in the videotaped drug transaction. Whether this erroneous evidentiary ruling, standing alone, could be overlooked as harmless error is a *1079 matter we need not consider since we have already concluded that the conviction must be reversed on other grounds. It is enough to say that, in the event of a retrial, Bennett should be able to introduce the photographs to aid in his efforts to convince the jury that he was not the person depicted in the videotape.
¶ 16. Our decision to reverse on the issue of the exclusion of Mrs. Bennett's testimony renders moot the defendant's third issue on appeal.
¶ 17. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.