MYERS, J., for the court.
¶ 1. Patrick Ball was convicted in the Circuit Court of Marion County of aggravated assault and was sentenced to a term of twenty years in the custody of the Mississippi Department of Corrections. Aggrieved by the judgment, Ball perfected an appeal to this Court.
Issues
I. DID THE COURT ERR IN OVERRULING THE DEFENSE’S MOTION FOR MISTRIAL WHEN THE COURT ALLOWED TESTIMONY CONCERNING OTHER WRONG OR CRIMINAL ACTS TO BE CONSIDERED BY THE JURY?
II. DID THE COURT COMMIT REVERSIBLE ERROR IN FAILING TO DIRECT A VERDICT IN FAVOR OF THE DEFENDANT AS THE VERDICT OF THE JURY WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
III. DID THE JURY DELIBERATIONS OF TWENTY-SIX MINUTES DENY THE DEFENDANT OF A FAIR AND SPEEDY TRIAL?
Facts and Procedural History
¶ 2. On April 11, 2000, Kenyon Howard and Michael Oatis were riding motor scooters through the streets of Columbia, Mississippi. As they were riding, they came upon Patrick Ball, Shaun Norris, and an unidentified individual. Ball fired a gun at Howard. Howard tried to evade, *738 but a bullet struck him in the back of his left arm and passed through the arm without striking a bone. There was some evidence presented to suggest that Howard and Ball belonged to different gangs and that the shooting could have been gang-related.
¶ 8. In his defense, Ball presented the testimony of Norris, who stated that he was standing beside Ball when he heard the gunfire, and that Ball did not have a gun.
Legal Analysis
I. DID THE COURT ERR IN OVERRULING THE DEFENSE’S MOTION FOR MISTRIAL WHEN THE COURT ALLOWED TESTIMONY CONCERNING OTHER WRONG OR CRIMINAL ACTS TO BE CONSIDERED BY THE JURY?
¶ 4. This issue springs from Oatis’s testimony on direct examination:
Q: What happened at that túne, Michael?
A: When I got around the corner, I saw some guys were standing up there. They ran in the alley.
Q: What corner are we talking about?
A: Ms. Jeanette’s corner, right there at the stop sign. I didn’t think nothing of it. I’m thinking, you know, somebody selling dope or something like that, he ran up in the alley....
¶ 5. Before cross-examination, a bench conference was held. At this conference, Ball’s attorney objected to the testimony under Rule 404(b) of the Mississippi Rules of Evidence, and moved for a mistrial. The trial judge overruled the objection and denied the motion.
¶ 6. Rule 404(b) prohibits evidence of other crimes, wrongs, or acts from being used “to prove the character of a person in order to show that he acted in conformity therewith.” Oatis did not state that Ball or his two companions had been convicted of a drug crime or of any other crime. He did not state that Ball had engaged in drug deals in the past. The testimony that spurred the objection was merely Oatis saying what he thought he saw.
¶ 7. We pause here to state that even if the trial judge wrongly admitted such testimony, we do not find that the objection was timely. Rule 103(a)(1) of the Rules of Evidence calls for a timely objection to appear on the record stating the specific ground of the objection if not apparent from context. Although we have no way to determine how much time passed between Oatis’s uttering the words of which Ball complains and the objection, a full six pages in the transcript fall between the testimony and the objection. Such a delay stretches the limit of “timely.”
II. DID THE COURT COMMIT REVERSIBLE ERROR IN FAILING TO DIRECT A VERDICT IN FAVOR OF THE DEFENDANT AS THE VERDICT OF THE JURY WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 8. Ball argues that the trial judge should have directed a verdict. He claims that the State’s version of events consisted of biased testimony of the victim and impeached testimony of a witness. The only credible evidence, according to Ball, was that of his own witness.
¶ 9. While Ball couches his argument in terms of weight of the evidence, he means to challenge the sufficiency of the evidence. Craig v. State, 777 So.2d 677, 680(¶ 8) (Miss.Ct.App.2000) (“ Weight’ implicates the denial of a motion for new trial and ‘sufficiency’ implicates the denial of motions for directed verdict, peremptory instruction and judg *739 ment notwithstanding the verdict.”). Any issues of witness bias or witness impeachment do not go to the sufficiency of the evidence, but to the weight the jury gives the evidence. Bennett v. State, 757 So.2d 1074, 1077(¶ 9) (Miss.Ct.App.2000).[1]
¶ 10. When we review the question of whether the evidence was sufficient to sustain the verdict, we must view the evidence in the light most favorable to the verdict. “We are authorized to set aside a jury’s verdict only if we are convinced that, as to one of the essential elements of the crime, the State’s proof was so deficient that a reasonable and fair-minded juror could only find the defendant not guilty.” Byars v. State, 835 So.2d 965, 970(¶ 13) (Miss.Ct.App.2003) (citing Bradford v. State, 736 So.2d 464(¶ 6) (Miss.Ct.App.1999)).
¶ 11. Ball was charged with aggravated assault. Section 97-3-7 of the Mississippi Code Annotated (Rev.2000) defines that crime as:
(a) attempt[ing] to cause serious bodily injury to another, or caus[ing] such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempting] to cause or purposely or knowingly causing] bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm....
¶ 12. We find that the evidence was sufficient to find Ball guilty of aggravated assault. Two eyewitnesses identified Ball. They stated he pointed a handgun in their direction and fired several times. One of the witnesses, Howard, was injured as a result. This situation falls squarely under the description of “attempting to cause ... bodily injury to another with a deadly weapon.... ” Id. The State’s evidence was sufficient for reasonable jurors to find Ball guilty of aggravated assault.
III. DID THE JURY DELIBERATIONS OF TWENTY-SIX MINUTES DENY THE DEFENDANT OF A FAIR AND SPEEDY TRIAL?
¶ 13. Ball argues that the jury deliberated in haste and therefore did not subject the evidence to fair and impartial analysis. We find two fatal errors in this issue.
¶ 14. First, there was no objection on the record when the trial court received the verdict. As stated in our analysis of Ball’s first issue, Rule 103(a)(1) of the Mississippi Rules of Evidence calls for a timely objection to appear on the record. Ball has not preserved this issue for appeal.
¶ 15. Secondly, even if the issue were perfected, Ball fails to cite any authority for his argument. Where a party cites no legal authority, we will not consider the argument. Ekornes-Duncan v. Rankin Med. Ctr., 808 So.2d 955, 960(¶ 18) (Miss.2002). As we stated, this is fatal to this issue. Id.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF MARION COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND IF GRANTED EARLY RELEASE PAY OLD FINES OF $3,681.90 TO COLUMBIA MUNICIPAL COURT AND $2,669 TO MARION COUNTY JUSTICE COURT *740 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARION COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ„ CONCUR.

. While Ball argues that the testimony of Oa-tis was impeached, we note the weight of any impeachment value given to inconsistent testimony and prior statements is the province of the jury. Moore v. State, 773 So.2d 984, 987-87(¶ 8) (Miss.Ct.App.2000). It is not up to him or us to determine that the weight of impeachment testimony was enough to discredit Oatis.