483 So.2d 312 (1986)
Richard A. GARVIS and Darvon Parker, a/k/a Daron Parker
v.
STATE of Mississippi.
No. 56303.
Supreme Court of Mississippi.
January 8, 1986.
William B. Sullivan, Laurel, for appellants.
*313 Edwin Lloyd Pittman, Atty. Gen. by Pat Flynn, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J. and PRATHER and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:

I.
This appeal presents an all too familiar scenario. Acting on a tip supplied by a confidential informant, Laurel police officers nabbed two young men and found in their possession illegal controlled substances. Following trial and conviction, we are now tendered the usual assignments of error  there was no probable cause for the search warrant, the State should have been required to disclose the identity of its confidential informant, etc.
Having carefully considered all issues tendered, we are of the opinion that each of these two Defendants has been convicted and sentenced for the crime of possession of cocaine wholly consistent with the laws of this state and his rights under the constitutions enforceable therein. We affirm.

II.

A.
On the 23rd of January, 1984, Lieutenant Harold Buckhaults of the Laurel Police Department received a telephone call from a "cooperating individual who had provided information in past drug cases in the Laurel-Jones County area and whose information had always been reliable." Buckhaults was informed of two young men who were making regular trips to Laurel from the Mississippi Gulf Coast to sell marijuana and cocaine. The informant advised that the last name of one of the men was Parker. Over the course of four conversations that spanned the day, additional information was phoned in  the color of the car; the fact that the car was either a Dodge or Plymouth; the tag number on the vehicle; physical descriptions of the occupants and their clothes; their location within the city and plans for the evening; and the fact that they had approximately eight pounds of marijuana with them.
Pursuant to this information Lieutenant Buckhaults, Captain Landrum and Deputy Jerry Hutcheson left the office in one vehicle, went to the area named by the informant, and set up to await the suspects. Upon spotting the vehicle they fell in behind it. They verified the tag as the same tag number given to them by the confidential informant and eventually stopped the vehicle.
Lieutenant Buckhaults approached on foot on the driver's side and the other two officers approached on the passenger side. Richard A. Garvis, one of the Defendants/Appellants, was driving and was asked to step out and produce identification. Garvis had a social security card in his coat pocket and admitted that his name was Richard Garvis. Lieutenant Buckhaults explained to Garvis that he was being stopped because of information that he was carrying a quantity of marijuana and cocaine for the purpose of resale. Lieutenant Buckhaults advised Garvis of his rights and asked him for permission to consent to search the vehicle. Garvis verbally consented to the search. When asked to sign a search form, however, Garvis changed his mind and said, "No, I don't want you searching my car," at which time he was formally advised that he was under arrest.
Darvon Parker, the passenger in the car, was also arrested for possession with intent to transfer based on the information received from the informant. According to Lieutenant Buckhaults, Parker's arrest took place at the same time Garvis' did  before the two were separated. According to Officer Hutcheson this was immediately after a "frisk" done for protection of the officers. The "frisk" revealed a substance believed to be marijuana and a rolled up paper containing cocaine removed from Parker's right back pocket.
Leaving two officers with the vehicle, Lieutenant Buckhaults went to the police department where he prepared an affidavit for search warrant. Shortly thereafter, *314 Buckhaults appeared before Laurel City Judge Billy Doggette, who found probable cause and issued the search warrant.
A search of the car revealed a playing card box containing several pieces of notebook paper folded up, containing a substance later identified as cocaine. This box was found in the console between the seats in the front of the car. In the glove compartment papers evidencing that Garvis was the owner of the car were found.

B.
This criminal prosecution was formally commenced on May 15, 1984, when the Jones County Grand Jury returned an indictment which charged Garvis and Parker with possession of cocaine with intent to transfer. The case was called for trial on October 3, 1984.
At the close of the State's case, each Defendant moved for a directed verdict of acquittal, which motion was overruled. In due course thereafter, the jury returned a verdict that each Defendant was guilty of possession of cocaine with intent to transfer. A motion for a new trial was overruled.
The sentence imposed was within the language of the statute that provides a penalty for possession without intent to transfer. The sentence was a term of three (3) years in the Mississippi State Penitentiary and a fine of Three Thousand Dollars ($3,000) plus court costs. See Miss. Code Ann. §§ 41-29-115(A)(a)(4) and 41-29-139(c)(1) (Supp. 1985).

III.
Garvis and Parker first assign as error the alleged lack of probable cause for issuance of the search warrant. We consider this question under the now familiar totality of the circumstances test accepted and enforced in so many of our recent cases. Jones v. State, 481 So.2d 798, 800 (Miss. 1985); Breckenridge v. State, 472 So.2d 373, 376 (Miss. 1985); McCommon v. State, 467 So.2d 940, 941 (Miss. 1985); Stringer v. State (Miss. No. 54,805, dec. February 27, 1985) (not yet reported); Hall v. State, 455 So.2d 1303, 1308-09 (Miss. 1984); Lee v. State, 435 So.2d 674 (Miss. 1983). This test has been accepted into our jurisprudence from Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) wherein the United States Supreme Court prescribed the task of the issuing magistrate as:
simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.
103 S.Ct. at 2332. See also, Gandy v. State, 438 So.2d 279, 283 (Miss. 1983).
The affidavit of Officer Buckholts presents to Judge Doggette several salient features.[1] First, it relates to the detailed *315 information regarding the activities of Garvis and Parker had been provided "by a cooperating individual ..., being credible and reliable, having given information in the past that has led to the arrest and conviction of drug violators in Laurel and Jones County". Of significance is the fact that the information, received from the "cooperating individual" and relayed to the magistrate via the affidavit, is quite specific. It included the color of the car; the fact that the car was either a Dodge or Plymouth; the tag number of the vehicle; physical descriptions of the occupants and their clothes; their location within the city and plans for the evening; and the fact that they had with them approximately ten pounds of marijuana and approximately one gram of cocaine. Affidavits containing specific, facially credible details regarding a suspect and alleged contraband are entitled to greater weight in probable cause determinations than those employing, vague, generally or merely conclusory language.
*316 The information received from the informant was substantially corroborated. As explained above, in the presence of Officer Buckhaults, Deputy Hutcheson executed a pat down search of Defendant Parker. In the course of this search Hutcheson discovered a substance believed to be marijuana and a folded piece of paper containing a white powder believed to be cocaine.
In this state of the matter, no resort to extrinsic or oral evidence is necessary. Compare Lee v. State, 435 So.2d 674, 677 (Miss. 1983); Wilborn v. State, 394 So.2d 1355, 1357 (Miss. 1981). The affidavit itself states sufficient facts and circumstances so that, under the totality of the circumstances test, we may not disturb Judge Doggette's conclusion that there was probable cause for the issuance of the search warrant. The assignment of error is denied.

IV.
Garvis and Parker next charge as error the refusal of the trial judge to require the State to disclose the identity of the confidential informant. Defendants contend on appeal that the informant should have been named at trial, that had the informant been made available to the defense counsel a possible defense of entrapment would have been available as the progress of the telephone calls indicates that the informant was part of or participating in the operation on which he was reporting.
The confidential informant in question allegedly called Officer Buckhaults four times on the day of the arrest. The first call informed Officer Buckhaults that two men would be bringing a quantity of marijuana and cocaine into Laurel from the Coast. The second call at about 4:00 p.m. advised Officer Buckhaults that the informant had seen the subjects in a vehicle on Queensberg Avenue, described the car and stated that approximately ten pounds of marijuana and approximately one gram of cocaine were in the car. The third call came approximately five minutes later and advised the officer of the tag number. At 6:00 p.m. the informant called a final time and named the occupants of the car, described the clothes they would be wearing, said that they were in the north end of town and on the way to the projects, and stated that the subjects had in their possession approximately eight pounds of marijuana for resale.
There exists in our case law an "informer's privilege" which enables the prosecution to withhold the informant's identity. Breckenridge v. State, 472 So.2d 373, 377 (Miss. 1985); Wilson v. State, 433 So.2d 1142, 1145 (Miss. 1983); Read v. State, 430 So.2d 832, 835 (Miss. 1983); Pace v. State, 407 So.2d 530, 533 (Miss. 1981); Strode v. State, 231 So.2d 779, 783 (Miss. 1970). On the other hand, where the informant takes part in the police activity, or if the informant becomes a witness to the facts constituting a crime, he becomes a witness who may be required to appear at trial. 472 So.2d at 377; 407 So.2d at 533, citing Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). There is nothing in the present record suggesting that this confidential informant had become a de facto law enforcement officer or was a witness to any of the facts constituting the offense for which Garvis and Parker have been indicted, tried and convicted. Thus the accused is not entitled to know who the informant was.

V.
Appellants next assign as error the failure of the trial court to direct that the jury return a verdict of acquittal. Their point seems to be that the evidence was insufficient as a matter of law to find them guilty of possession of cocaine with intent to transfer.
To be sure, the indictment reads:
That Richard A. Garvis and Daron Parker, each in conjunction with the other, on or about the 24th day of January, 1984, in the county and district aforesaid, did then and there willfully, unlawfully, feloniously and knowingly and without authority of law, had in their possession with the unlawful and felonious intent to transfer a controlled substance....
*317 Thereafter, the jury returned a verdict which reads as follows:
The jury verdict reads as follows:
We, the Jury, find the Defendants guilty of possession of cocaine with intent to transfer, as charged. [Emphasis supplied]
The trial judge, however, held that, as a matter of law, the evidence on the intent to transfer was insufficient. Accordingly, he imposed upon each Defendant a sentence as though they each had been convicted of possession of cocaine only.
When, as here, the evidence, both direct and circumstantial, fails to show intent or attempt to transfer the controlled substance, the defendant must be sentenced to the lesser-included offense of possession alone. Bryant v. State, 427 So.2d 131, 133 (Miss. 1983); Hollingsworth v. State, 392 So.2d 515, 518 (Miss. 1981). Both of the prior cited cases were remanded for resentencing under the lesser-included offense. The trial judge wholly respected the rule of these cases and deemed the Defendants as having been convicted of possession of cocaine only. The transcript of the sentencing hearing indicates that each Defendant was informed that, "the court is going to impose a sentence on each of you in this case within the language of the statute that provides a penalty for possession without intent to transfer". The assignment of error is denied.

VI.
Defendants assign error to the trial court in allowing Officer Buckhaults to testify that the vehicle in question was owned by Defendant Garvis and that a bill of sale indicating this was found in the glove compartment of the vehicle. This assignment of error is without merit as proof of ownership of the vehicle was not necessary to prove ownership or possession of the cocaine. The statement of Daron Parker, State's Exhibit 5, admits that the car the two were in at the time of the arrest belonged to Richard Garvis and admits possession of the cocaine and the marijuana.
Thus, even if Officer Buckhaults' testimony as to the car ownership should not have been admitted, such admission would have been harmless error and thus no basis for reversal in this Court. See Rule 11, Miss.Sup.Ct.Rules. The assignment of error is denied.

VII.
Appellants next assign as error admission of the cocaine found in Darvon Parker's possession by Officer Hutcheson. The argument is that at the time Parker was not under arrest and that the search yielding the cocaine exceeded the scope of that authorized under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The point is without merit because, regardless of what the officers thought, Parker was under arrest within the meaning and contemplation of that concept in law at the moment that car was stopped. The search was incident to that arrest and was a legitimate search. See Riddles v. State, 471 So.2d 1234, 1236-37 (Miss. 1985) and cases cited within.
The assignment of error is denied.

VII.
We have considered the other assignments of error tendered by Garvis and Parker and find them neither meritorious nor in need of exposition.
CONVICTION OF RICHARD A. GARVIS OF POSSESSION OF COCAINE AND SENTENCE OF THREE (3) IN CUSTODY OF MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF THREE THOUSAND DOLLARS ($3,000) AFFIRMED; CONVICTION OF DARVON PARKER OF POSSESSION OF COCAINE AND SENTENCE OF THREE (3) IN CUSTODY OF MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF THREE THOUSAND DOLLARS ($3,000) AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.J., and HAWKINS, DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] Attached to the affidavit was a statement of underlying facts and circumstances which reads as follows:

That on 1-23-84 the affiant was contacted by a cooperating individual. This individual being credible and reliable, having given information in the past that has led to the arrest and conviction of drug violators in Laurel and Jones County. This CI advised the affiant that on several occasions in the past two black males have been bringing a quantity of marijuana and cocaine into Laurel, Mississippi, and selling the aforementioned controlled substances here. The CI also advised the affidant that today, 1-24-84, these two individuals would return to Laurel, Ms. to sell more marijuana and cocaine.
The CI also advised the affiant that these individuals were from the Coast and one of the subject's last name was Parker. On 1-24-84, at approximately 1602 hours the CI contacted the affiant and advised that he had seen the aforementioned subjects and vehicle on Queensburg Avenue. The CI also advised that the vehicle was a Dodge or Plymouth, brown in color.
The CI also advised the affiant that these subjects had stated that they had approximately ten pounds of marijuana and approximately one gram of cocaine.
At approximately 1605 hours the CI contacted the affiant and advised that the tag on this vehicle was JDG-242, Jackson County, Mississippi tag.
At approximately 1086 hours the CI contacted the affiant and advised that the subject named Parker was a black male, approximately 25 years of age, 76", 190 pounds, wearing a burgundy colored jacket, blue jeans, and a blue jean type cap. The CI implied that the other subject was a black male, approximately 72", 160 pounds. The CI advised that he could not give a complete description of this individual because these subjects were approaching him while he was talking to the affiant on the telephone. The CI advised that at this time they were in the north end of town and at the conclusion of the telephone conversation that they would be traveling to the projects. This is known to the affiant as Brown and Johnson Circles. The CI also advised that the two aforementioned subjects had in their possession approximately eight pounds of marijuana for resale.
At this time, the affiant, along with Agent Evans, Capt. Landrum, Officer Dearman, and Deputy Hutcheson left the narcotics office of the Laurel Police Department and drove to the aforementioned area.
At approximately 1857 hours, the affiant along with Capt. Landrum and Deputy Hutcheson observed a vehicle fitting the aforementioned description headed north on Queensburg Avenue at the intersection of Harrison Boulevard.
At approximately 1901 hours this vehicle was stopped on south 7th Avenue between Van Buren Street and Jackson Street.
The affiant went to the driver's side and asked the driver to step outside the vehicle, which he did. The affiant then asked the driver for his driver's license at which time the driver stated that they were in his wallet in his inside coat pocket. The affiant then removed the wallet and obtained the driver's Social Security car. The affiant then asked the driver his name to which he replied that his name was Richard Garvis.
The affiant then explained to Richard Garvis the reason for his being stopped was that the affiant had received information from a CI that he, Richard Garvis, was transporting marijuana and cocaine for the purpose of resale. At this time it appeared to the affiant that Richard Garvis began to get extremely nervous. Richard A. Garvis was then read his Miranda warnings and asked to sign a consent to search from. At first he agreed to this, then he declined. At this time Richard A. Garvis was placed under arrest by the affiant for possession of marijuana with intent to sell.
The passenger in the aforementioned vehicle was removed by Capt. Landrum and Deputy Hutcheson. This individual was Daron Parker, black male. Deputy Hutcheson, for his protection, executed a pat down search of this individual. Deputy Hutcheson discovered a substance believed to be marijuana in this individual's pocket and placed him under arrest. A further search of this individual revealed a folded piece of paper containing a white powder believed to be cocaine. This was found by Capt. Landrum and Deputy Hutcheson.
The vehicle stopped was a 1973 Dodge Monaco, 4-door, white over brown, Miss. tag number JDG-242. VIN. # DP41M3F168922.
That based on the above information, the affiant requests that a search warrant be issued for the above described vehicle, being a 1973 Dodge Monaco, 4-door, white over brown, Miss. tag no. JDG-242, VIN # DP41M3F168922.
We have included in this opinion a verbatim recitation of these underlying facts and circumstances for two reasons. First, of course, it goes to remove any doubt regarding the question of whether there was probable cause for the issuance of the search warrant in this case. Second, we have here an example of the kind of affidavit for search warrant that will generally be regarded with favor when probable cause attacks are made. With the sole exception of the (non-fatal) failure of this affidavit to provide more specifics regarding the instances wherein the confidential informant has in the past provided information leading to arrests and conviction of other drug violators, this "underlying facts and circumstances" might well serve as a prototype for other law enforcement officers to follow, all to the end that many of the search and seizure questions which for years have troubled the courts of this state might be efficiently adjudicated.