883 So.2d 594 (2004)
James Blake McFARLIN, Appellant
v.
STATE of Mississippi, Appellee.
No. 2002-KA-01770-COA.
Court of Appeals of Mississippi.
June 1, 2004.
Rehearing Denied October 12, 2004.
*596 Azki Shah, Clarksdale, attorney for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before KING, C.J., THOMAS and MYERS, JJ.
THOMAS, J., for the Court.
¶ 1. James Blake McFarlin was convicted in the Circuit Court of Coahoma County on one count of possession of methamphetamine, one count of possession of alprazolam, one count of possession of diazepam, and one count of possession of precursors to manufacture methamphetamine. McFarlin was sentenced as a habitual offender to two life sentences and to two twelve month sentences to run concurrently. Aggrieved, McFarlin asserts the following issues on appeal:
I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS THE EVIDENCE FOR LACK OF PROBABLE CAUSE AND FOR BEING UNREASONABLE UNDER THE TOTALITY OF THE CIRCUMSTANCES.
II THE TRIAL COURT ERRED IN NOT RULING ON APPELLANT'S MOTION FOR A NEW TRIAL AND REQUEST TO REPRESENT HIMSELF.
Finding error, we reverse and render judgment in favor of the appellant.

FACTS
¶ 2. On June 4, 2001, Officer Oliver Mitchell of the Clarksdale Police Department was dispatched to check on a vehicle on Highway 61 South parked on the side of the highway with an individual allegedly slumped over the steering wheel. As Officer Mitchell arrived at the edge of the city limits of Clarksdale, he had not yet spotted the vehicle. Mitchell radioed that he was proceeding a bit further in search of the vehicle. Approximately a half mile outside of the city limits, Officer Mitchell spotted a vehicle parked on the side of the road. Mitchell saw an individual slumped over the steering wheel. This individual was James Blake McFarlin. Mitchell radioed his finding in to dispatch before approaching the vehicle.
¶ 3. Mitchell banged on the window of the vehicle, but McFarlin initially did not respond. Mitchell banged again and yelled loudly waking McFarlin. Mitchell testified that McFarlin began looking around like he was looking for someone else. Mitchell asked McFarlin what was wrong and if he had been drinking. According to Mitchell, McFarlin responded that he did have something to drink and that he had taken a pill. Mitchell asked McFarlin to exit the vehicle and he then proceeded to pat him down in order to check for weapons.
¶ 4. While patting McFarlin down, Mitchell testified that he felt a little "knot like nudge" in his pocket, which from the training he had received from the Clarksdale Police Department and the Attorney General's narcotics team, he was able to identify as drugs. Mitchell had McFarlin empty his pocket and indeed found a little brown bag with a few pills inside. Mitchell placed McFarlin in the back of his *597 cruiser and radioed dispatch for them to send a deputy unit.
¶ 5. Coahoma County Sheriff's Deputy Eric Williams arrived on the scene shortly thereafter. Upon glancing in the vehicle, Williams testified that he noticed some hoses and brass pipe fittings which he identified as drug paraphernalia. Officer Mitchell briefed Williams and handed him the pills from McFarlin's pocket. Williams then radioed for an investigator. Investigator Billy Baker applied for a search warrant for the vehicle which was granted by a justice court judge. The vehicle was later searched at the Coahoma County Sheriff's Department. Inside the car and trunk, officers found a length of anhydrous ammonia hose, spray paint, an air tank, a propane tank, a gallon of camp fuel, four pseudoephedrine tablets, some brown glass tubing containing a white powder, and a four pack of lithium batteries.
¶ 6. McFarlin admitted that he had been drinking and taking pills that day, but that he had been riding with a friend and had passed out in the car. The friend allegedly woke him up and told him that the car was out of gas. While waiting for the friend to return, McFarlin passed out again in the driver's seat. McFarlin admitted ownership of the pills but denied having any interest in or knowledge of the contents of the trunk of the vehicle.
¶ 7. McFarlin was indicted on one count of possession of methamphetamine less than .1 gram, one count of possession of alprazolam less than 100 dosage units, one count of possession of diazepam less than 100 dosage units, and one count of possession of two or more precursors to manufacture methamphetamine. Prior to trial, McFarlin filed a motion to suppress due to lack of probable cause. After conducting a hearing in which Mitchell, by this time a Coahoma County Sheriff's Deputy, testified, the trial court denied McFarlin's motion to suppress. At the conclusion of the trial, McFarlin was found guilty on all four counts and was sentenced to two life and two twelve month sentences to run concurrently. McFarlin filed a motion for a new trial which was denied by the trial court and then perfected an appeal to this Court.

ANALYSIS
I. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS THE EVIDENCE FOR LACK OF PROBABLE CAUSE AND FOR BEING UNREASONABLE UNDER THE TOTALITY OF THE CIRCUMSTANCES?
¶ 8. McFarlin asserts that the trial court erred in denying his motion to suppress the evidence for lack of probable cause and for the search being unreasonable under the totality of the circumstances. In denying McFarlin's motion, the trial court only heard testimony from Deputy Mitchell. McFarlin asserts that Mitchell was outside of his jurisdiction and that he lacked probable cause to search McFarlin. The State completely fails to address McFarlin's argument of Miller's lack of jurisdiction and refers to Mitchell as "Officer Oliver Mitchell of the Coahoma County Sheriff's Department," a position he held at the time of trial but not at the time of the stop. The State also asserts that Mitchell had probable cause to search McFarlin and that the trial court's ruling on the motion to suppress is supported by the evidence and applicable case law.
¶ 9. In determining whether evidence should be suppressed a trial court's findings of fact are not disturbed on appeal unless the trial judge applied an incorrect legal standard, committed manifest error, or made a decision contrary to the overwhelming weight of the evidence. Taylor *598 v. State, 733 So.2d 251, 255(¶ 18) (Miss.1999). Searches conducted outside the judicial process, or without the issuance of a warrant by a neutral and detached magistrate or judge, have long since been seen as per se unreasonable and in violation of the Fourth Amendment, subject to only a few specifically established and well-delineated exceptions. Ray v. State, 798 So.2d 579, 582(¶ 10) (Miss.Ct.App.2001) (citing Katz v. United States, 389 U.S. 347, 356, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)). The burden is on the officer to show that the search comes within one of the exceptions. Jackson v. State, 418 So.2d 827, 829 (Miss.1982). One of these exceptions is that a police officer may approach an individual for purposes of investigating possible criminal behavior, even in the absence of probable cause to arrest. Terry v. Ohio, 392 U.S. 1, 22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Where the officer has a reasonable belief the individual may be armed and dangerous, the officer may conduct a very limited search of the outer clothing in order to determine whether the individual is, in fact, armed. Id. at 30, 88 S.Ct. 1868. "If a search is deemed unreasonable, then all evidence seized during that search is inadmissible for the jury or court to consider as evidence of the defendant's guilt." Id. (citing Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); Joyce v. State, 227 Miss. 854, 87 So.2d 92 (1956)).
¶ 10. The State contends that the trial court's ruling denying McFarlin's motion to suppress is amply supported by the testimony taken at trial and the controlling case law. The State relies on Howell v. State, 300 So.2d 774, 775 (Miss.1974) in which the Mississippi Supreme Court stated that finding an individual slumped over in a vehicle is enough to require an investigation to determine the cause. The court in Howell points out that the individual could be sick or injured, have suffered a heart attack, be drunk or under the influence of drugs, or be engaged in criminal activity, and it is the sheriff's duty to keep an incapacitated person from driving a car on a public road and endangering the lives of others. Id.
¶ 11. In Howell, a deputy spotted a gun on the floorboard of the car as he was attempting to rouse a passed out individual. Id. After removing the individual from the vehicle and returning to secure the gun, the deputy found two cellophane bags containing amphetamines. Id. The Mississippi Supreme Court held that it was reasonable for the deputy to secure the gun, and due to the "plain view" doctrine set forth in Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968) which states that "objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence," the bags of amphetamines were properly admitted. Howell, 300 So.2d at 775 (citing Harris, 390 U.S. at 236, 88 S.Ct. 992).
¶ 12. The State asserts that similarly, Officer Mitchell found McFarlin incapacitated and therefore had a duty to investigate and had the right to subject McFarlin to a pat-down for weapons after removing him from the vehicle under Terry v. Ohio. Only a reasonable suspicion is needed to justify seizure when a pat-down feels a possible weapon. Edwards v. State, 795 So.2d 554, 562(¶ 30) (Miss.Ct.App.2000) (citing Minnesota v. Dickerson, 508 U.S. 366, 373, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993)). When the object in question is believed to be contraband, probable cause is required. Id. The State argues that McFarlin's alleged statements and the officer's training and experience gave him probable cause to believe the "knot like nudge" he felt in McFarlin's pocket to be contraband.
¶ 13. We disagree. Officer Mitchell, an officer with the Clarksdale *599 Police Department, proceeded outside the city limits of Clarksdale when he did not find a vehicle on the side of the road within the city limits as reported. It is without dispute that Mitchell did not have a warrant for McFarlin's arrest, nor did Mitchell observe McFarlin commit any violation within his jurisdiction. The plain view doctrine only allows an officer who has a right to be in the position to have that view to seize objects and later introduce them in to evidence. Howell, 300 So.2d at 775 (citing Harris, 390 U.S. at 236, 88 S.Ct. 992) (emphasis added).
¶ 14. Even if Mitchell had been authorized to do a pat-down search for weapons under Terry, his identification of a small "knot like nudge" was unreasonable. The continued exploration of McFarlin's pockets after determining that no weapon was present amounts to "the sort of evidentiary search that Terry expressly refused to authorize." Minnesota v. Dickerson, 508 U.S. 366, 378, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993) (citing Terry, 392 U.S. at 26, 88 S.Ct. 1868). As in Dickerson, Officer Mitchell never testified that he thought the nudge was a weapon, but instead identified it directly as contraband. Id. The trial court erred in failing to suppress the evidence found as a result of Mitchell's unlawful search. Any and all evidence seized as a result of an unlawful seizure should be suppressed. Terry, 392 U.S. at 28-29, 88 S.Ct. 1868. Because all of the evidence against McFarlin arose out of Officer Mitchell's initial unlawful search, we reverse and render judgment in favor of the appellant.
II. DID THE TRIAL COURT ERR IN NOT RULING ON APPELLANT'S MOTION FOR A NEW TRIAL AND REQUEST TO REPRESENT HIMSELF?
¶ 15. Because we reverse and render on the denial of McFarlin's motion to suppress and because McFarlin failed to cite any authority in support of his second assignment of error, we will not consider this argument. Ball v. State, 845 So.2d 736, 739(¶ 15) (Miss.Ct.App.2003).
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.