MYERS, P.J.,
Dissenting.
¶29. I respectfully disagree with the majority opinion and would affirm Roach’s conviction of possession of controlled substances. The majority reverses Roach’s conviction, holding, essentially, that a confidential informant can never give reliable information, so as to constitute probable cause, while serving for the first time as a confidential informant. I find this holding problematic and, therefore, dissent.
¶ 30. The facts in this case are simple. Investigating Officers Spooner and Bullock received information from a confidential information that Roach was storing illegal narcotics at his home. However, before the officers submitted an affidavit for a search warrant for Roach’s home, they needed to establish probable cause. On the same day as receiving the confidential informant’s telephone call, the officers arranged a controlled buy between the informant and Roach to substantiate the informant’s claims. After the controlled buy was completed, the officers had reliable information for the execution of a warrant for Roach’s residence. Officer Spooner, on the same day, then presented an affidavit for a warrant stating in pertinent part, “this confidential informant, having furnished me with information in the past that has proven to be true and correct regarding the trafficking of illicit narcotics, is known by me to be a truthful, credible, and a reliable source of information.” A search warrant was issued, Roach was arrested, then convicted by a jury, and he now appeals.[1]
¶ 31. The majority finds that Officer Spooner’s averment made in his affidavit for the procurement of the search warrant to be insufficient to establish probable cause. The language of the affidavit that the majority finds troubling is the portion that the officer averred to have been given information from the informant “in the past” regarding drug trafficking. However, I find that the underlying facts in this case have shown that Officer Spooner did, in fact, receive and use information provided to him by the confidential informant to arrange a controlled buy of narcotics between the confidential information and Roach before submitting an affidavit for a warrant. This fact was testified to by Officers Spooner and Bullock and remains uncontested otherwise. Therefore, the statement that Officer Spooner made in his affidavit concerning his receiving information from this confidential informant “in the past” is correct and supportive of a finding of probable cause. It matters none that the “past” occurred within the same day. To hold otherwise, I think, would be punishing speedy police work in apprehending one involved in illicit drug crimes.
*944 ¶ 32. The majority relies heavily on the case of Pipkins v. State, 592 So.2d 947 (Miss.1991), in holding that Officer Spoon-er improperly procured a search warrant because the information supportive of probable cause came to light on the same day as the affidavit was submitted for the issuance of a warrant. While the facts of Pipkins and the case at hand have one aspect in common (i.e. that the affidavit drafting officer only knew the confidential informant for a short period of time before utilizing his information to obtain a search warrant), the case of Pipkins is easily distinguishable from the case at hand. In Pipkins, the police received a telephone call from a confidential informant who reported that a quantity of marijuana was going to be delivered in a blue truck to a certain address. The informant further provided to the officer that he personally viewed a quantity of marijuana at that address within the past twenty-four hours. However, other than the informant’s statements to the officers over the telephone, no other corroboration of these facts was made by the officer prior to obtaining a search warrant for the address.
¶ 33. Based on this information provided by the informant over the telephone regarding Pipkins’ illegal activity, an officer averred that “in the past [the informant] has provided information to other law enforcement agencies that has proved reliable and has led to the arrest of numerous drug offenders” in order to obtain a search warrant for the particular address. At the suppression hearing, the officer revealed that, in fact, he had never used the Cl’s information in the past to lead to an arrest and the officer was aware that the Cl may not have actually seen a quantity of marijuana at Pipkins’ home. The supreme court reversed Pipkins’ conviction “because the ‘reliable information’ contained in the warrant had never been relied upon before, [and] thus probable cause did not exist.” White v. State, 742 So.2d 1126, 1131(¶ 9) (Miss.1999) (discussing the holding of Pipkins, 592 So.2d at 951-52).
¶34. At the suppression hearing, the officer in Pipkins testified that he had known the informant against Pipkins “for only a few days or possibly had met him only on the day of the warrant’s issuance when he was given the information.” Pip-kins, 592 So.2d at 948. However, there is one significant difference in the case sub judice and the case of Pipkins: the confidential informant in our case corroborated his information, by performing a controlled buy under the supervision of the officers from Roach, before Officer Spooner applied for a search warrant for Roach’s house. This controlled buy in which the confidential informant participated gave the officers enough indicia of reliability to support then- affidavit for issuance of the search warrant. The factual difference in this case from the case of Pipkins sets apart the entire analysis applicable in determining whether the search warrant was executed within the bounds of the law.
¶ 35. Furthermore, there is no requirement that an officer specifically detail his past relationship with a confidential informant in his affidavit for a search warrant, especially when special detail would reveal the identity of the informant. Arnett v. State, 532 So.2d 1003, 1006-08 (Miss.1988); Read v. State, 430 So.2d 832, 835-36 (Miss. 1983) (quoting Young v. State, 245 So.2d 26, 27 (Miss.1971)). Officer Spooner testified that the details of the controlled buy were not published in his affidavit in order to protect the identity of the confidential informant. To withhold specific details concerning a confidential informant in an affidavit for a warrant does not amount to falsifying or providing misleading information to an warrant issuing judge. To the contrary, our supreme court has recognized the importance of protecting the *945 identity of a confidential informant in the name of protecting the case in which law enforcement is working in stating that when “[t]he true names of confidential informants are not revealed, [this is] in order to protect then’ safety and to make it possible for them to continue working undercover until such time as they must be revealed to complete prosecution of the cases involving them.” Jones v. State, 912 So.2d 973, 974 n. 1 (Miss.2005).
¶ 36. The Fourth Amendment to the United States Constitution and Article 3, section 23 of the Mississippi Constitution protect against only unreasonable searches and seizures. When a warrant is issued for a search and seizure, the warrant must be based on “judicial determination that probable cause exists based upon the affidavit or other evidence before the court.” Miss. Unif. R.P.J. Ct. 3.03. When we review whether a search warrant was issued based on probable cause, we are to determine whether the issuing judge:
[made] a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the “veracity” and “basis of knowledge” of persons supply hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a “substantial basis for ... concluding” that probable cause existed....
State v. Woods, 866 So.2d 422, 426(¶ 12) (Miss.2003) (quoting III. v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)).
¶ 37. The requirement that the informant have a “basis of knowledge” supportive of finding probable cause can be established by a confidential informant’s personal, first-hand observation. Woods, 866 So.2d at 426(¶ 13). Here, this is exactly the case. The confidential informant relayed to Officers Spooner and Bullock that he had personal, first-hand knowledge that Roach possessed controlled substances at his residence.' Therefore, this prong of establishing probable cause is met.
¶ 38. The remaining requirement that must be established for a finding of probable cause is the veracity of the informant. Veracity is proven by showing that the informant is truthful or reliable. Our supreme court has found that “[u]sually this corroborating evidence consists of a statement that the officer had successfully used the [confidential informant] in the past ... or that an undercover agent had seen the suspect engaging in behavior consistent with the current investigation.” Woods, 866 So.2d at 426(¶ 14) (citations omitted). Our courts have never held that it is necessary that such corroborating information provided by the informant actually led to an arrest. See contra Maj. Op. ¶¶ 15-16. Here, Officer Spooner provided in his affidavit that the confidential informant had “furnished [him] with information in the past that has proven to be true and correct regarding the trafficking of illicit narcotics.” The corroborating evidence to which Officer Spooner referred in his affidavit was the controlled buy that he witnessed the confidential informant perform. Thus, the affidavit averring the confidential informant’s veracity was truthful and sufficient so as to constitute a showing of probable cause.
¶ 39. The majority holds that probable cause did not exist for the issuance of the warrant because the details of the controlled buy were not divulged either in the affidavit or by Officer Spooner’s oral disclosure. In coming to this conclusion, the majority states that Officer Spooner did not relate to the issuing judge information regarding the controlled buy. See Maj. *946 Op. ¶¶ 13,17, 20, 21. I can find no support for this assertion in the record. During the suppression hearing, Officer Spooner testified that he presented the underlying facts and search warrant to the issuing judge. However, Officer Spooner was never questioned during the suppression hearing regarding whether he had a conversation with the judge during the issuance of the warrant or what information was disclosed. Without a record of the proceeding in which the judge signed the search warrant, we, as a reviewing court, cannot know whether or not the controlled buy was discussed with the judge before the search warrant was issued.
¶ 40. What is more, even if Officer Spooner’s affidavit statement did not detail specific facts of his past relationship with the confidential informant, who provided details of Roach’s possession of controlled substances, this omission would not necessarily constitute an insufficient basis for a finding of probable cause. Our law does not require such a detailed averment in an affidavit made to procure a search warrant. See Miss. Unif. R.P.J. Ct. 3.03. “Nor does it indicate that each factual allegation which the affiant puts forth must be independently documented, or that each and every fact which contributed to his conclusions be spelled out in the complaint.” Gates, 462 U.S. at 232, 103 S.Ct. 2317 (citation omitted). “It simply requires that enough information be presented to the Commissioner to enable him to make the judgment that the charges are not capricious and are sufficiently supported to justify bringing into play the further steps of the criminal process.” Id.
¶41. I am of the opinion that Officer Spooner averred a truthful statement supporting the issuance of the search warrant. The affidavit used to obtain a warrant for the search of Roach’s residence was sufficiently pled so as to allow a judge to consider the totality of the circumstances in order to issue a warrant. The trial judge did not commit error in denying Roach’s motion to suppress the evidence presented against him at trial. It is for these reasons that I must dissent.
GRIFFIS, ROBERTS AND CARLTON, JJ., JOIN THIS OPINION.

. The affidavit used to obtain a warrant for Roach’s residence incorrectly listed the date as January 23, 2003; however, this date discrepancy can be merely classified as a typographical error and immaterial to the case at hand. The date does not aver that the officers received the confidential informant’s telephone call any earlier than the day that the controlled buy occurred and the day that the warrant was issued.