ISHEE, J.,
for the Court:
¶ 1. In March 2011, Joel Baskin was indicted by the Montgomery County grand jury for possession of cocaine in violation of Mississippi Code Annotated section 41-29 — 139(c)(1)(C) (Rev.2009). Baskin was also indicted as a habitual offender under both Mississippi Code Annotated section 99-19-83 (Rev.2007) and Mississippi Code Annotated section 99-19-81 (Rev.2007). After a trial on the matter, the jury returned a guilty verdict. The trial judge then found that Baskin qualified as a habitual offender under Mississippi Code section 99-19-83 and sentenced him to life imprisonment in the custody of the Mississippi Department of Corrections (MDOC) without eligibility for parole or probation. Thereafter, Baskin filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial, which was denied. Baskin now appeals arguing the trial court erred by (1) denying his motion to suppress evidence based on lack of probable cause and (2) admitting evidence of a witness’s prior conviction as impeachment evidence under Mississippi Rule of Evidence 609.
FACTS AND PROCEDURAL HISTORY
¶ 2. On October 21, 2010, Officers Michael Gross and Tommy Bibbs of the Wi-nona Police Department (WPD) attempted to locate Baskin in order to serve him with an arrest warrant for aggravated assault. When the officers observed Baskin standing in front of a residence, they approached him and advised him he was under arrest. Officer Bibbs handcuffed Baskin and Officer Gross searched his person. During the search, Officer Gross discovered a bag of suspected cocaine in Baskin’s front pocket. After testing the substance, Archie Nichols, a forensic scientist at the Mississippi Crime Laboratory, testified that the bag did, in fact, contain 2.6 grams of cocaine. Baskin was then charged with possession of cocaine.
¶ 3. Prior to trial, Baskin moved to suppress the cocaine.' He argued the search was conducted without sufficient probable cause. Officer Gross was called to testify at the suppression hearing. Officer Gross stated that the arrest warrant for aggravated assault was executed after he “talked to the subject of the matter and after the investigation.” After the investigation, Officer Gross signed an affidavit to obtain the arrest warrant. He then took the arrest warrant to a municipal judge to be signed. The affidavit was not attached to the arrest warrant.
¶ 4. Baskin was arrested at approximately 5:30 p.m. on the same day the warrant *820 was executed. Officer, Gross could not recall whether he served Baskin with a copy of the warrant. However, Baskin was aware of the warrant, and Officer Gross advised Baskin of the arrest charge. At the conclusion of Officer Gross’s testimony, the trial judge denied Baskin’s motion to suppress.
¶ 5. At trial, the defense called Darshei-ka Wallace and Michael Forrest as witnesses. Wallace testified that she was present when Baskin was arrested and subsequently searched. She stated that the officers never retrieved anything from Baskin’s pocket. During cross-examination, the State asked Wallace if she had ever been convicted of embezzlement and petty larceny. Defense counsel objected and stated: “[Ijt’s improper the way [the State] posed that question. It’s a misdemeanor conviction.” The State rephrased the question and asked: “You have been convicted of misdemeanor embezzlement and petty larceny, which is also a misdemeanor; is that correct?” Wallace replied in the affirmative.
¶ 6. Forrest testified that he was three to four feet away from Baskin when he was handcuffed and searched. Like Wallace, he testified that the officers found nothing during the search. After deliberations, the jury returned a verdict of guilty of possession of cocaine.
¶ 7. Baskin was sentenced as a habitual offender to life imprisonment in the custody of the MDOC without eligibility for parol or probation. Baskin then filed a motion for a JNOV, or, in the alternative, a new trial, which was denied. Baskin now appeals.
DISCUSSION
I. Suppression of the Evidence
¶ 8. “In determining whether evidence should be suppressed!,] a trial court’s findings of fact are not disturbed on appeal unless the trial judge applied an incorrect legal standard, committed manifest error, or made a decision contrary to the overwhelming weight of the evidence.” McFarlin v. State, 883 So.2d 594, 597 (¶ 9) (Miss.Ct.App.2004) (citing Taylor v. State, 738 So.2d 251, 255 (¶ 18) (Miss.1999)).
¶ 9. In his first issue on appeal, Baskin argues the cocaine recovered from his person was inadmissible because it was the product of an arrest warrant issued without probable cause. He asserts the arrest warrant had no factual basis, and no affidavit was attached to the warrant or incorporated by reference. Because the cocaine was discovered during a search incident to an arrest, Baskin argues that if the arrest warrant was invalid, the search was also invalid.
¶ 10. First, the State notes that neither the aggravated-assault arrest warrant nor the affidavit are in the record. The affidavit was not included; however, the arrest warrant is part of the record as one of the State’s exhibits from trial. Next, the State argues that the issue raised before the trial court was whether there was probable cause for the search, not whether there was probable cause for the arrest warrant. Therefore, the State asserts the issue is procedurally barred.
¶ 11. “Arrest warrants or search warrants shall be issued only by the judge after a judicial determination that probable cause exists based upon the affidavit or other evidence before the court.” State v. Woods, 866 So.2d 422, 425 (¶ 10) (Miss.2003) (quoting Miss. Unif. R.P.J.C. 3.03). When determining the existence of probable cause the court must consider the totality of the circumstances. Id. at 425-26 (¶ 10) (citing Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). “The task of the issuing [judge] is *821 simply to make a practical, common-sense decision based on all the circumstances set forth in the affidavit before him, including the ‘veracity’ and ‘basis of knowledge’ of persons supplying hearsay information.” Id.
¶ 12. “Issues raised for the first time on appeal are procedurally barred from review as they have not first been addressed by the trial court.” Griffin v. State, 824 So.2d 632, 685 (¶7) (Miss.Ct.App.2002). Baskin moved to suppress the evidence on the basis that he was searched without sufficient probable cause. The State then introduced evidence of his arrest warrant and established that the search was proper as a search incident to arrest. Baskin did not challenge the validity of the arrest warrant at trial, which is the issue he now raises on appeal; thus, this issue is procedurally barred.
¶ 13. Furthermore, even if we were to address this argument on the merits, there is nothing in the record to determine whether or not probable cause existed for the arrest warrant. Although Officer Gross testified during the motion to suppress, the validity of the arrest warrant was not at issue; thus, he did not testify in detail regarding the underlying facts giving rise to probable cause to issue the arrest warrant. In addition, the affidavit on which the arrest warrant was issued is not in the record. This issue is without merit.
II. Impeachment of Wallace’s Testimony Using Her Prior Convictions
¶ 14. When considering a trial court’s decision to admit a prior conviction for impeachment purposes, the standard of review is abuse of discretion. Strickland v. State, 980 So.2d 908, 919 (¶ 18) (Miss.2008) (citation omitted). Baskin argues the trial court erred by allowing the State to impeach Wallace’s testimony with her prior petty-larceny and embezzlement convictions. He argues the introduction of her prior convictions was impermissible under Mississippi Rule of Evidence 609(a). Rule 609(a) states:
General Rule. For the purpose of attacking the character for truthfulness of a witness,
(1) evidence that (A) a nonparty witness has been convicted of a crime shall be admitted subject to [Mississippi] Rule [of Evidence] 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and (B) a party has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the party; and.
(2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of punishment.
Baskin correctly asserts that the convictions do not fall under Rule 609(a)(1) because neither conviction was punishable by death or imprisonment in excess of one year. Thus, to have been properly admitted, the convictions must fall under Rule 609(a)(2).
¶ 15. The issue is whether petty larceny and embezzlement constitute crimes involving dishonesty or false statements. The comments to Rule 609 state:
The phrase “dishonesty or false statement” in 609(a)(2) means crimes such as perjury or subornation of perjury, false statement, fraud, forgery, embezzlement, false pretense or other offense in the nature of crimen falsi, the commission of which involves some element of *822 deceit, untruthfulness, or falsification bearing on the witnesses] propensity to testify truthfully. Such convictions are peculiarly probative of credibility and are always to be admitted, not subject to the discretionary balancing by the judge.
Therefore, embezzlement clearly falls under Rule 609(a)(2).
¶ 16. With regard to petty larceny, the Mississippi Supreme Court has found that it does not constitute a crime involving dishonesty or a false statement. The supreme court stated: “While there is a split of authority on the question whether theft crimes such as larceny and shoplifting should be categorized as crimen falsi, historically they have not been and this Court has adopted the majority view that they are not.” Blackman v. State, 659 So.2d 583, 585 (Miss.1995) (citations omitted). Therefore, for theft crimes to be admissible for impeachment purposes, they must fall under Rule 609(a)(1). Strickland, 980 So.2d at 920 (¶ 18). Because Wallace’s petty-larceny conviction was not punishable by death or imprisonment in excess of one year, that conviction does not fall under Rule 609(a)(1). However, while permitting the introduction of Wallace’s petty-larceny conviction may have been improper, the issue is procedurally barred.
¶ 17. It is well-settled law that “[i]f no contemporaneous objection is made, the error, if any, is waived.” Rubenstein v. State, 941 So.2d 735, 751 (¶ 27) (Miss.2006) (citations omitted). In-the instant case, defense counsel did object to the initial question regarding Wallace’s prior convictions. However, the objection addressed the way the question was phrased. When defense counsel objected, he stated: “[Ijt’s improper the way [the State] posed that question. It’s a misdemeanor conviction.” The State then asked: ‘You have been convicted of misdemeanor embezzlement and petty larceny, which is also a misdemeanor; is that correct?” No further objection was made. Thus, defense counsel simply objected to the way the question was phrased. This is not sufficient to preserve for appeal the issue of whether or not the conviction should have been introduced. Accordingly, this issue is procedurally barred.
¶ 18. THE JUDGMENT OF THE MONTGOMERY COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF COCAINE AND SENTENCE AS A HABITUAL OFFENDER OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONTGOMERY COUNTY.
LEE, C.J., GRIFFIS, P.J., ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. IRVING, P.J., AND BARNES, J., CONCUR IN PART AND IN THE RESULT. JAMES, J., NOT PARTICIPATING.